# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LONNIE RULO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV1011 AGF |
| | ) | |
| SANDRA MARTINEZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 1118679), an inmate at Northeast Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $2.44. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $12.22, and an average monthly balance of $1.81. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.44, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Sandra Martinez (Circuit Judge, 24th Missouri Judicial District); Wayne Williams (Public Defender); S. Paige Canfield (Public Defender); Scott Thompson (Public Defender); John Rupp (Prosecuting Attorney); Todd Moyers (Washington County Sheriff's Department); Daniel Dycuss (Washington County Sheriff's Department); Troy K. Hyde (Associate Judge, 234th Missouri Judicial District); David Lewis (Sheriff, Madison County); Eilene Provow (Court Clerk); Autumn Pettit (Division of Probation and Parole); James Anderson (Division of Probation and Parole); Henry Watson (employee at the Missouri Department of Corrections) and the Missouri Department of Corrections.

In this action for monetary damages, plaintiff alleges that Judge Martinez acted unlawfully when she refused to recuse herself during his criminal trial. Plaintiff also asserts, in a conclusory fashion, that defendant Martinez acted with "malfeasance" by taking "control" of his listed defense witnesses and keeping his children "under her thumb."

Plaintiff asserts that his public defender, defendant Williams, acted unlawfully when he: 1) refused to "take crucial actions needed in [plaintiff's] defense"; 2) "refused to let someone else have [plaintiff's] case"; and 3) was "persistent in obtaining

a plea for a crime [plaintiff allegedly] did not commit." To that end, plaintiff offers, in conclusory fashion, that he believes defendant Williams conspired with defendant Martinez in unnamed "acts of malfeasance."

Plaintiff claims that defendant Canfield, another of plaintiff's public defenders, "conspired with . . . Williams to deny [him] due process in [his] post-conviction proceedings" by: 1) having a personal relationship with plaintiff's prior public defender, defendant Williams; 2) refusing to amend plaintiff's 24.035 motion; 3) failing to appear at a scheduled hearing; and 4) withdrawing from representation of plaintiff. Plaintiff similarly alleges that a third public defender, defendant Thompson, acted unlawfully by "refusing to address issues of jurisdiction" and "decid[ing] that [his] 180 was no good."

Plaintiff further asserts that the prosecutor in his criminal action, defendant Rupp, and defendant Moyers, acted with malfeasance and "intentional malicious prosecution." Without recitation to any factual circumstances or events, plaintiff asserts that defendants Rupp and Moyers fabricated evidence, refused to turn over exculpatory evidence and tampered with defense witnesses during his criminal prosecution. Plaintiff also submits that he was injured by other inmates in the County Jail when he voluntarily protected another inmate placed in the holding cell by defendant Moyers.

Again in conclusory fashion, plaintiff claims that defendant Dycuss, a Deputy Sheriff, acted unlawfully by removing his "personal marital property" during a criminal investigation, returning the property to his spouse even though divorce proceedings were pending, and using seized items as evidence in his criminal proceedings.

Plaintiff asserts that defendant Hyde, an Associate Circuit Judge, acted unlawfully by telling plaintiff's "alleged victim" during a hearing on her request for a restraining order, that she should file criminal charges. He contends that Judge Hyde later acted unlawfully when he made a finding of probable cause when plaintiff appeared before him in an arraignment hearing.

Plaintiff asserts, generally, that defendant Lewis, Sheriff of Madison County, obstructed justice by "providing false legal advise" and conspiring "with the court clerk in a malicious prosecution." Similarly, plaintiff claims, without more, that defendant Provow, a Circuit Court Clerk, "committed material acts in a malicious prosecution and denial of due process."

Plaintiff additionally claims that defendant Pettit, a Parole Officer, acted unlawfully by including information in her pre-sentence investigation report that "would inflame anyone who reads it and prejudice [him] from obtaining parole."

Lastly, plaintiff claims that the Missouri Department of Corrections acted unlawfully when they instructed one of their employees, defendant Watson, to "sever

contact with a family member because he was in county jail." The Court presumes that the "family member" to whom plaintiff is referring is himself. Plaintiff has not made any allegations against Watson, personally, nor has he alleged any wrongful conduct by defendant Anderson.

## Discussion

Plaintiff's complaint reads as nothing more than a conclusory recitation of blame on all of the persons he believes contributed, in some way, to his criminal conviction: two judges who presided over his case, three employees of the Sheriff's Department, his prosecutor, his three public defenders, the parole officer who wrote his pre-sentence report, and a court clerk. Plaintiff cannot attempt to use § 1983 as an avenue for habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973) (to the extent that plaintiff is attacking the fact of his confinement, his claim is not cognizable under 42 U.S.C. § 1983 but must be brought by filing a writ of habeas corpus pursuant to 28 U.S.C. § 2254). Nor can his generalized allegations substantiate claims under § 1983. Iqbal, 129 S.Ct. at 1950-51; Parratt v. Taylor, 451 U.S. 527, 535 (1981) (to establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional right or a federal statutory right.).

Simply put, plaintiff's allegations amount to nothing more than a "[t]hreadbare recital[] of a cause of action's elements" and are not entitled to an assumption of truth. Iqbal, 129 S. Ct. at 1949. Because there are no non-conclusory allegations that would show that defendants in some way acted to trample on plaintiff's constitutional rights, the complaint "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007); Iqbal, 129 S. Ct. at 1949. As a result, plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief can be granted.

Moreover, the Court notes that many of the actors outlined above cannot be sued under § 1983 for the acts of which plaintiff is complaining. For example, plaintiff's complaint is legally frivolous as to Judges Martinez and Hyde because they are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)). Additionally, the complaint fails to state a claim upon which relief can be granted against defendants Williams, Canfield and Thompson because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Plaintiff's complaint is also legally frivolous as to defendant Rupp because, where "the prosecutor is acting

as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996). And the complaint fails to state a claim against the Missouri Department of Correction because the entity is not a "person" subject to § 1983 suit. See, e.g., Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp., 948 F.2d 1084, 1086 (8th Cir. 1991).

Lastly, because liability under § 1983 requires a causal connection to an alleged deprivation of rights, plaintiff's failure to make any allegations against defendants Anderson and Watson is fatal to claims plaintiff might have against them. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

For all of the foregoing reasons, plaintiff's complaint is legally frivolous and/or fails to state a claim upon which relief may be granted and is subject to dismissal under 28 U.S.C. § 1915.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $2.44 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #4 and #6] are **DENIED** as moot.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 18th day of October, 2010.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE